**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KEVIN DONNELL MURPHY,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil No. SAG-24-00323** |
| | * | **SAG-24-01807**[1] |
| **RUTH SHUMAN, *et al.*,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Kevin Donnell Murphy ("Plaintiff"), who is self-represented, filed these actions against Ruth Shuman and the United States National Science Foundation ("NSF" and, collectively, "Defendants"), asserting various claims relating to his inability to secure grants or funding for his company, Alkebulan Airlines.[2] Defendants have filed a motion to dismiss or, in the alternative, for summary judgment, ECF 13, Plaintiff filed an opposition, ECF 15, and Defendants filed a reply, ECF 24. This Court has reviewed the filings and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the motion, treated as a motion to dismiss, will be granted and Plaintiff's claims will be dismissed without prejudice.

---

[1] These two cases have identical operative complaints and have been consolidated for disposition. ECF citations relate to the lead case ending in 00323.

[2] In fact, Plaintiff's Amended Complaint appears to name Alkebulan Airlines as a plaintiff. ECF 9 at 1. Plaintiff, as a non-attorney, cannot bring claims on behalf of Alkebulan Airlines. *See* Loc. R. 101.1(a) ("All parties other than individuals must be represented by counsel."). Thus, to the extent the complaint purports to bring claims on behalf of the company or the company was the applicant for a particular grant or funding, those claims must be dismissed without prejudice and cannot be amended by Plaintiff in a self-represented capacity.

# I. FACTUAL BACKGROUND

The following facts relevant to this motion are derived from the Plaintiff's Amended Complaint, ECF 9.

Plaintiff founded Alkebulan Airlines Corporation, which he describes as an "innovative aviation consortium." ECF 9-1 at 4.[3] Plaintiff alleges that on December 22, 2023, NSF invited Alkebulan Airlines to apply for a Partnerships for Innovation ("PFI") grant. *Id.* On January 10, 2024, NSF opened an incident (INC0612700) to address Plaintiff's request for a Principal Investigator role, as needed to create a grant proposal. *Id.* That same date, Alkebulan Airlines also submitted an Executive Summary for the NSF I-Corps Teams program. *Id.* The acknowledgement emails for both submissions suggested that NSF would review them and respond. *Id.*

On January 25, 2024, Alkebulan Airlines submitted a Project Pitch (submission number 00075278) to America's Seed Fund powered by the NSF, specifically targeting the SBIR/STTR Program. *Id.* NSF responded that the pitch would be reviewed and feedback provided within approximately one month. *Id.*

On February 19, 2024, Alkebulan Airlines received an email that its grant proposal (Grants.gov ID GRANT14078140) had been flagged because Kevin Murphy's NSF ID was invalid. *Id.* at 4–5. Emails sent by Defendant Shuman at NSF provided a lack of clear guidance and did not assist Alkebulan Airlines in correcting the flagged errors. *Id.* at 5. Plaintiff suggests that the difficulties experienced "could suggest mishandling or miscommunication within the NSF's grant submission system" or "possible sabotage or systemic corruption." *Id.*

---

[3] ECF cites used herein refer to the ECF pagination in the header at the top of each page and not to any other pagination on the documents.

While Plaintiff's complaint is not a model of clarity, it appears from his various filings that he is advancing constitutional claims pursuant to 42 U.S.C. § 1983/*Bivens* and also alleging violations of the Administrative Procedures Act (APA).[4]

## II. LEGAL STANDARDS

Defendants seek dismissal pursuant to Rules 12(b)(1) and 12(b)(6). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). The court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a

---

[4] In his opposition, Plaintiff also cites to two criminal statutes, 18 U.S.C. § 242 and 18 U.S.C. § 245. Those criminal statutes do not provide a private right of action for a civil plaintiff. *See, e.g.*, *United States v. Oguaju*, 76 F. App'x. 579, 581 (6th Cir. 2003) (finding that the district court properly dismissed defendant's claim filed pursuant to 18 U.S.C. §§ 241 and 242 because he had no private right of action under either of those criminal statutes); *Hester v. West Virginia*, No. 5:07-cv-00401, 2008 WL 4298471, at *6 (S.D.W. Va. Sept. 18, 2008) (stating that "no private right of action can be inferred from 18 U.S.C. §§ 241, 242"); *Powell v. Kopman*, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (stating that 18 U.S.C. § 242, which is the criminal analogue to the Section 1983, does not create a private right of action); *Turner v. Beal*, No. 4:18cv100, 2018 WL 10156104, at *2 (E.D. Va. Oct. 12, 2018) ("Although Plaintiff refers to three federal statutes, 18 U.S.C. § 242, 18 U.S.C. § 245, and 18 U.S.C. § 249, in an apparent attempt to justify the Court's exercise of federal question jurisdiction in this matter, these statutes are criminal statutes that do not provide for private causes of action."), *aff'd*, 748 F. App'x 565 (4th Cir. 2019); *Smith v. Shaw*, Civ. No. 5:09-01001, 2012 WL 1832340, at *1 (S.D. W. Va. Apr. 25 2012) ("The violation of a federal criminal statute does not provide for a private cause of action."), *report and recommendation adopted*, 2012 WL 1831864 (May 18, 2012). Similarly, while Plaintiff attempts to sue under "regulations governing grant applications (e.g., 2 C.F.R. Part 200)", ECF 15 at 4, he offers no citation suggesting that Congress has provided a private right of action under those regulations. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress.").

claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

Defendants also seek dismissal pursuant to Rule 12(b)(6). That standard presumes the facts alleged by a plaintiff to be true, then assesses whether the complaint still fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a complaint must allege "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

In the alternative, in this case, Defendants seek summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure. Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md.

1999)). Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348–49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010)). In ruling on a motion for summary judgment, a court must view all of the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962)).

Typically, summary judgment is not granted "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont*, 637 F.3d at 448. However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To present the issue, the nonmovant is typically required to file an affidavit pursuant to Federal Rule of Civil Procedure 56(d), explaining why "for specified reasons, it cannot present facts essential to justify its opposition," without further discovery. In this case, Plaintiff did not file a Rule 56(d) affidavit in response to the summary judgment motion.

## III. ANALYSIS

This Court will first consider the two vehicles for Plaintiff's assertion of federal constitutional claims. 42 U.S.C. § 1983 applies only to persons who are "*state* officers acting under

color of *state* law, and not to federal officers." *Tinch v. United States,* 189 F. Supp. 2d 313, 318–19 (D. Md. 2002) (emphasis in the original) (internal quotations omitted). Thus, it is wholly inapplicable to Plaintiff's case, because NSF is not a person and Dr. Shuman was a federal officer, not a state officer, as an employee of NSF.

As for the second vehicle, Plaintiff is correct that, in certain very limited circumstances, constitutional claims can be asserted against federal employees in an action brought pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). A *Bivens* complaint must allege that the defendant personally violated a plaintiff's constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 373–77 (1976).

*Bivens* actions, however, have been curtailed significantly in recent years by the Supreme Court. At present, there are just three contexts in which a private right of action may be properly brought against federal officials for constitutional violations: (1) an arrest and search of a private apartment by Federal Bureau of Narcotics agents in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389; (2) a claim against a former Congressman for sex discrimination on Capitol Hill in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 230–31 (1979); and (3) a claim against Bureau of Prisons officials for failure to provide emergency medical treatment to an inmate in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 16 (1980). The Supreme Court has clearly stated that expanding *Bivens* to any other context "is an 'extraordinary act' that will be unavailable 'in most every case.'" *Mays v. Smith*, 70 F.4th 198, 202 (4th Cir. 2023) (quoting *Egbert v. Boule*, 596 U.S. 482, 492, 497 n.3 (2022)). As the Supreme Court explained last year in *Goldey v. Fields*:

> After 1980, we have declined more than 10 times to extend *Bivens* to cover other constitutional violations. Those many post-1980 *Bivens* "cases have made clear that, in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Egbert v. Boule*, 596 U.S. 482, 486 (2022).

606 U.S. 942, 942–43 (2025) (per curiam).

In *Egbert*, the Supreme Court explained that this Court must undertake a two-step process to determine whether a *Bivens* claim can proceed. 596 U.S. at 492. First, the Court must determine whether the case under review is "different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. *Ziglar v. Abbasi*, 582 U.S. 120, 147 (2017) (internal quotation marks omitted). This "new context" standard is "easily satisfied" even if a claim has "significant parallels" to one of the three recognized *Bivens* contexts. *Id.* at 147, 149. Second, if the Court decides that the claim arises in a new context, a *Bivens* claim is unavailable if there is even a single reason indicating that the judiciary might be less well-equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed. *Egbert*, 596 U.S. at 492. Since 1980, the Supreme Court has not found that standard to be satisfied and has not expanded *Bivens* remedies to any extent. *See Goldey*, 606 U.S. at 942–43.

The facts of this case bear no resemblance to any of the three recognized *Bivens* contexts. And there are many reasons why Congress is better equipped than the judiciary to determine whether federal employees should be subject to damages claims for denying grant applications or providing unhelpful advice to grant applicants. Thus, even if this Court were to construe Plaintiff's complaint to assert a claim against Dr. Shuman in her individual capacity, a *Bivens* action is unavailable in this context. Plaintiff therefore has no viable vehicle for his asserted constitutional claims.

Finally, this Court also lacks subject matter jurisdiction over Plaintiff's APA claim. Plaintiff challenges the agency's discretionary denials of his applications and seeks injunctive relief relating to submissions by Alkebulan Airlines. ECF 9-1 at 7. While he broadly asserts in his opposition that he is challenging "specific procedural deficiencies and alleged arbitrary actions that

go beyond mere discretion," ECF 15 at 3, and "specific failures in the NSF's application and decision-making processes," *id.,* his Complaint offers no allegations to suggest a challenge to any specific action or policy other than the discretionary denial of his applications.[5] His Complaint has therefore failed to state a viable APA claim and is subject to dismissal.

## III. CONCLUSION

For these reasons, Defendants' Motion to Dismiss or, in the alternative, motion for summary judgment, ECF 13, will be treated as a motion to dismiss and granted without prejudice. The two consolidated cases will be closed, with the lead case subject to reopening should Plaintiff file a motion for leave to amend within fourteen days.

Dated: October 28, 2026

/s/
Stephanie A. Gallagher
United States District Judge

[5] The only *specific* procedural requirements that Plaintiff alleges NSF violated are the notice and comment requirements of 5 U.S.C. § 553. ECF 15 at 3. However, the procedural requirements of 5 U.S.C. § 553 apply only to agency "rule making," not informal adjudications such as the grant denials at issue here.